**James R. MCLEAN, Plaintiff— Appellant,**

v.

**CITY OF BIG BEAR LAKE, a Municipal Corporation, Defendant—Appellee.**

No. 06–56134.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2008.*

Filed March 12, 2008.

James R. McLean, North Las Vegas, NV, pro se.

Scott J. Grossberg, Esq., Cihigoyen-etche Grossberg & Clouse, Rancho Cucamonga, CA, for Defendant–Appellee.

Before: SCHROEDER, WARDLAW and TALLMAN, Circuit Judges.

MEMORANDUM **

James McLean appeals the district court's order dismissing his complaint for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

failure to state a claim pursuant to Fed. R.Civ.P. 12(b)(6). McLean alleges that the City of Big Bear Lake ("Big Bear") violated his rights under the Equal Protection Clause by subjecting his bed and breakfast to a more onerous set of regulations than those applied to single family home "vacation rentals" within Big Bear. McLean also alleges that failure to subject vacation rentals to the same regulations applied to his bed and breakfast will lead to an eventual suit by a handicapped patron under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12182. Because we agree with the district court that Big Bear's less stringent regulation of single family vacation rentals is rationally related to a legitimate state interest, and further that McLean lacks standing to assert a claim under the ADA, we affirm.

■ Big Bear regulates single family home vacation rentals under City Ordinance No. 99–300. Because this regulation does not impinge upon a fundamental right or target a suspect class, we analyze the regulation to determine whether "there is any reasonable conceivable state of facts that could provide a rational basis for the classification." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993). "When social or economic legislation is at issue, the Equal Protection Clause allows the States wide latitude." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Here, the district court correctly found that the provisions of the Ordinance further legitimate state interests, such as assisting private home owners in acquiring additional revenue which may be used to improve Big Bear Lake's housing stock and expanding

the number and type of lodging available to tourists considering traveling to Big Bear Lake. Whether the decision to regulate single family homes differently than inns and bed and breakfasts is wise is not within the purview of the judiciary, and we refuse to upset the judgment of Big Bear's elected officials. *See Nordlinger v. Hahn*, 505 U.S. 1, 17–18, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992) ("Time and again, however, this Court has made clear in the rational-basis context that the 'Constitution presumes that, absent some reason to infer antipathy, even improvident decisions will eventually be rectified by the democratic process and that judicial intervention is generally unwarranted no matter how unwisely we may think a political branch has acted.' ").

■ McLean lacks standing to challenge the regulation under the ADA. McLean alleges only the hypothetical scenario that a third-party may bring suit against Big Bear under the Act. These allegations do not meet the constitutional requirements for standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

**AFFIRMED.**